IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANTHONY JAMES SILER, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 2:23-CV-383-MHT-CSC |
| JUDGE JULIE MOODY, et al., | ) ) ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   Introduction**

Plaintiff Anthony Siler, Jr., an inmate proceeding pro se and in forma pauperis, is confined at the Covington County Jail in Andalusia, Alabama. Siler filed this action using this Court's standard form for complaints brought under 42 U.S.C. § 1983 requesting damages and an investigation into Defendants' alleged violation of his federally protected rights. Doc. 1. Named as defendants are Judge Julie Moody, District Attorney Walt Merrill, Parole Officer Heather Koerner, and attorney Meredith Peters. *Id*. After review and consideration of Siler's filing, the undersigned RECOMMENDS this case be DISMISSED for the reasons set forth below.[1]

---

[1] The Complaint contains additional deficiencies not discussed herein, including that it names defendants not subject to suit under § 1983. Because analysis of the applicable statute of limitations is dispositive of the Complaint as a whole, the Court does not address any other deficiencies.

## II.     Standard of Review

Because Siler was granted leave to proceed in forma pauperis (Doc. 4), his Complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B), which requires a court to dismiss the complaint or any portion of it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). To state a claim to relief that is plausible, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. In applying § 1915, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). "We must take advantage of every tool in our judicial workshop." *Spears [v. McCotter]*, 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986). *See also* 28 U.S.C. § 1915A(a) (stating court shall review civil action by prisoner against governmental entity or officer or employee before docketing, if feasible, or as soon as practicable after docketing).

### III. The Complaint

During a preliminary hearing on October 19, 2019, in the District Court for Covington County, Judge Moody ordered Plaintiff to take a DNA test. Over the objection of his attorney Ms. Peters, Siler was forced to take the DNA test which he claims should not have occurred prior to the filing of an indictment against him. Defendant Koerner, who was a police investigator at the time of the challenged event, swabbed Siler's mouth for the DNA sample which he contends was illegal because she was not a licensed medical professional. Doc. 1 at 2–4, Doc. 1-1 at 1.

### IV. Discussion

The statute of limitations is usually raised as an affirmative defense. In an action proceeding in forma pauperis under § 1983, the Court may consider affirmative defenses apparent from the face of the complaint. *Clark v. State of Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *Ali*, 892 F.2d 438. "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed." *Clark*, 915 F.2d at 640. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous." *Id.* at 640 n.2 (citation omitted); *Smith v. Shorestein*, 217 F. App'x 877, 880 (11th Cir. 2007) (same).

"All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008) (citation omitted). The governing limitations period in Alabama is two years. *Id.* (*citing* Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989)). Generally,

3

the limitations period begins to run from the date "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Brown v. Georgia Bd. of Pardons & Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003) (*citing Rozar v. Mullis*, 85 F.3d 556, 561-62 (11th Cir. 1996)).

By Siler's own admission, the events with which he takes issue occurred on October 25, 2019. However, Plaintiff did not file this action until June 11, 2023,[2] which was more than one year after the limitations period expired. It thus is clear from the face of the Complaint that this action is time-barred and due to be dismissed. *See Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984) (stating that the "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants.").

**V.     Conclusion**

Accordingly, for the reasons set forth above, the undersigned RECOMMENDS that:

1. Plaintiff's Complaint be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) as time barred.

2. This case be DISMISSED prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i).

---

[2] The Court considers June 11, 2023, to be the filing date of the Complaint. Although the Clerk stamped the Complaint "filed" on June 14, 2023, Plaintiff signed his Complaint on June 11, 2023, and a pro se inmate's complaint is deemed by law to have been filed the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir.1993).

It is further ORDERED that by **August 1, 2023**, the parties may file written objections to this Recommendation. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered. The Recommendation if not a final order and therefore it is not appealable.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resol. Tr. Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 18th day of July 2023.

/s/   Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE